THE STATE V. H. JENNINGS AND ANOTHER.

Indictment for assault with intent to murder, in averring the intent,
simply charged it as "with intent him the said F. to kill and mur-
der." *Held*, that this was sufficient under our statute, Article 2155,
Paschal's Digest, without using the words "of his malice afore-
thought" in this connection. The cases of The State v. Croft, 15
Texas, 575, and The State v. Killough, 32 Texas, 74, cited with ap-
proval.

APPEAL from Tarrant. Tried below before the Hon.
Hardin Hart.

After conviction on their plea of not guilty, the de-
fendants moved in arrest of judgment, on the ground
indicated in the head-note. The motion was sustained,
and the State appealed.

*Wm. Alexander, Attorney General*, for the State.—
The same particularity is not required in indictments
for assault with intent to murder as in indictments for
murder, even at common law. (Wharton's Am. Crim.
Law, 1281 ; Croft v. The State, 15 Texas, 576.) But
under our system it is sufficient in any case, and for
any offense, to set out the charge in plain and intelli-
gible words (Paschal's Digest, Art. 2863, and all the
decisions under the code), so as to apprise the defend-
ant of the charge he will have to meet, and enable him
to prepare his defense. No doubt or uncertainty could
have arisen in the minds of the defendants in this case
as to the charge they would have to meet. They are
plainly charged with assaulting C. C. Fitzgerald, "with
intent to kill and murder" him ; and our Supreme Court
has decided that these words are a sufficient allegation
of the evil intent. Moreover, they are the words of the
statute defining the offense (Paschal's Digest, Article

2155), and as a general rule it is sufficient to use the language of the statute only. This has been frequently decided by the Supreme Court of Texas.

While our Supreme Court has often decided, that under our code "words of art" may be dispensed with, yet I maintain that this is a good indictment under the strictest common law principles. The only real cause of attack on the indictment in the court below was, that it failed to allege "malice aforethought" in undeniable connection with the intent to murder. Now, if the assault was made with malice aforethought, and if they shot at Fitzgerald with malice aforethought, and if they made the assault and shot at him with intent to murder him, all of which is "plainly" set out in the indictment, is it not clear as an axiomatic truth, that they intended to murder him with malice aforethought? Is it not set out in "plain and intelligible words"? Could any one, with the least knowledge of the English language, mistake the meaning of the charge?

It has been decided that malice aforethought must be alleged in connection with the act—the assault. (Wharton, 1285; Train & Hurd's Precedents, 44, notes 2 and 3.) The counsel for defendants, and the court below, seem to have been misled by the authorities. Some of common law precedents have the words omitted in this indictment, and some do not. But we are not left without authority on the point that the malice, being alleged in connection with the assault or act, is carried over to the intent. (The State v. Owen, 1 Murph, 452; 2 Bishop's Criminal Procedure, 536, note 9.) This case is not directly in point; but plainly, if the allegation of malice, in connection with the assault, is carried over to the stroke, the same allegation in connection with the assault and the stroke, or shooting, will be carried over to the intent.

*J. J. Good*, for appellees.—The indictment is insufficient, because it does not allege the guilty intent. It will not suffice that the "act" be alleged to have been done with the guilty intent; the ulterior intent to murder should be averred with the appropriate technical language required by the law, and which will be found in all the precedents. (See Bishop's Crim. Pro., § 557, and authorities cited; Archibald's Cr. Pl., 49 and 447; Train & Hurd's Precedents, pages 43, 44 and 45, and notes; 11 Texas, 22; 15 Texas, 575; 18 Texas, 387; Wharton's Crim. Law, § 557.)

To constitute the crime charged, there must be an "act" and a "felonious intent." Had death ensued, "would the result have been murder?" is the criterion. (See 20 Texas, 660.)

The intent necessary to make the crime charged is precisely the intent involved in a charge of murder, to-wit, "malice aforethought," either "express or implied." Will it be insisted that an indictment for murder is good which omits the technical words, "malice aforethought?" By what process of reasoning, then, we respectfully submit, are we able to escape the conclusion that, in this indictment, the same technical words are necessary? The guilty intent must exist in both crimes; it must be averred in murder—why not in an assault with intent to commit murder?

The case of Calvin v. State, 25 Texas, 791, holds, that since the adoption of the Penal Code, the technical word "feloniously" can be dispensed with in an indictment for murder, and that "terms of art" in the description of offenses can also be dispensed with. To this extent the case of Cain v. State, 18 Texas, 388, is overruled, and to this extent only.

The decision of this court, holding that the word "feloniously" can be dispensed with, as well as "terms

of art," by no means intimate that the indictment should not contain an averment of the guilty intent; this is indispensable by all the authorities.

The case of The State v. Killough, 32 Texas, 77, does not militate against the position assumed. (See 32 Texas, 77.)

The case of Wm. Posey v. State, 32 Texas, 476, simply approves the case of Calvin v. State, above cited. The remaining part of said decision is mere *dictum*.

The Penal Code does not use the word "feloniously" in the definition of the crime of murder, or that of an assault with intent to murder, but does use the words, "unlawfully" and "malice aforethought," in defining murder. And we respectfully submit that the pleader should use the same technical words in an indictment for an assault with intent to murder, to which former crime we must resort in order to a proper appreciation of the nature of the charge involved in this indictment, and the manner of charging the same. (See 29 Texas, 44, and cases cited.)

By reference to all the authorities, it will be seen that it is necessary to use some "terms of art" in the description of felonies. What these terms are depends upon the statutes of the different States. It will further appear that the controversy has been whether the "felonious intent" should be averred in connection with the "act"—it being conceded that the ulterior "intent" expressed by certain technical words should be averred. (See 1 Bishop's Crim. Pro., § 290, and authorities cited, and 373, and cases cited.)

WALKER, J.—The decision of this case is referable to the case of Croft v. The State, 15 Texas 576, and the case of The State v. Killough, 32 Texas, 74, and cases decided at the present term.

The indictment is almost, if not precisely, in the words of the statute, Article 2155, Paschal's Digest. But the indictment in this case would have been good at common law. (See Wharton's American Criminal Law, 1281, et seq.; Train & Hurd's Precedents, p. 44, and notes 2 and 3.)

The judgment of the district court is reversed.

REVERSED.