## W. G. JAMES v. THE STATE.

1. Indictment, after laying time and place, charged that the accused "did "then and there unlawfully, feloniously, and with his malice afore- "thought, in and upon T. C. make an assault, with the intent then and "there him, the said T. C., unlawfully, feloniously, and with his malice "aforethought, to kill and murder, against," &c. *Held*, that the indictment sufficiently charged the offense, and it was not error to overrule a motion to quash on account of uncertainty, etc.

2. On trial of an indictment with intent to murder, the accused may be acquitted of that offense and convicted of aggravated assault, assault and battery, or simple assault. (Article 498, Criminal Code; Paschal's Digest, Article 2160.)

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The opinion and head-notes show the facts.

*Moore & Shelley* for the appellant.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J. The appellant was indicted for an assault with intent to murder, and was convicted of an aggravated assault and battery. The only question presented by the record or the briefs of counsel, which requires notice here, is as to the sufficiency of the indictment in describing the offense charged, and this question is most definitely settled in the affirmative in Wharton's American Criminal Law, 467, and in the case of The State *v.* Croft, 15 Texas, 576, and also in the case of The State *v.* Killough, 32 Texas, 78.

And the only remaining question suggestive of a doubt, is as to the sufficiency of this indictment, which simply charges an assault with intent to murder, to support a conviction of an aggravated assault and battery, and the right of the State to prove a battery where none was charged in the indictment. The cases referred to have decided that this indictment is sufficient to charge an assault with an intent to murder, and the statute, Article 2160, settles the question that under that indictment the jury are authorized to acquit the defendant of the offense charged, and find him guilty, according to the facts of the case, of an aggravated assault, or of an assault and battery, or of a simple assault.

There is no error in the judgment of the District Court, and it is affirmed.

                                       Affirmed.