SAMUEL BITTICK AND JOHN WILLIAMS v. THE STATE.

1. An indictment for assault with intent to murder is not defective for failing to allege the instrument or means used, or the circumstances, or the particular place the assault was made.
2. Under an indictment for assault with intent to murder, a conviction can be had for an aggravated assault, even though the indictment does not set out any one of the state of circumstances named in Article 488 of Penal Code, defining aggravated assaults.
3. A verdict of "guilty of aggravated assault and battery," where there was no battery charged or proven, is nevertheless valid; the words "and battery" may be considered surplusage.
4. Where the district attorney examined one witness, who proved the case, and closed, and the defendant introduced a witness who contradicted the State's witness, and closed, and the district attorney examined a second witness sustaining the first witness, and thereupon defendant offered the wife of his first witness to rebut the State's second witness, to which the district attorney objected—*held*, that there was no error in excluding the testimony of this witness.

APPEAL from Delta. Tried below before the Hon. John C. Easton.

Bittick and Williams were indicted, August, 1873, for an assault with intent to kill and murder one J. H. Verner. The indictment charged "that on the first day of August, 1871, in the county of Delta, in the State of Texas, with force and arms, Samuel Bittick and John Williams an assault upon the body of J. H. Verner did make, and with intent him, feloniously and of malice aforethought, to kill and murder, against the peace and dignity of the State."

At the same term the case was tried. The district attorney did not insist on a verdict for a greater offense than an aggravated assault. The judge gave a verbal charge, reading to the jury Paschal's Digest, Articles 2137, 2142, 2144, 2150, 2160 and 3058.

The court refused the following charges asked by defendants :

"1. That in order to a conviction of an aggravated assault, upon an indictment for an assault with intent to murder, it is necessary for the indictment to charge and the proof to sustain the circumstances and facts constituting the aggravation.

"2. Under an indictment for an assault with intent to murder, the defendants may be convicted of a simple assault, but not for an aggravated assault, unless the facts relied upon as constituting the aggravation be set out in the indictment and proved.

"3. On an indictment for assault with intent to murder, the defendant may be convicted of any lower grade of assault, provided said indictment be good upon its face for the offense for which the defendant is convicted; otherwise, such conviction cannot be sustained."

The jury found the defendants guilty of "an aggravated assault and battery," and assessed the fine at one hundred dollars against each.

Motions in arrest of judgment and for new trial were overruled, and the defendants appealed.

The facts are set out in the opinion.

No brief for appellants came to the hands of the Reporters.

*Browne,* for the State.

GRAY, ASSOCIATE JUSTICE.—Appellants were jointly indicted for assault with intent to murder. The indictment charges that the accused, with force and arms, upon the body of J. H. Verner an assault did make, and with intent him, feloniously and of malice aforethought, to kill and murder. It also alleges the time and county, but does not allege the instrument or means used, nor the circumstances how, or in what particular place the assault was made. Exceptions by motion to quash, in charges asked to the jury, and by motions for new trial and in arrest of judgment, were made to this indictment in various forms testing its sufficiency in charging any offense; that it is not in intelligible words; that evidence of an aggravated assault, or aggravated assault and battery, were not sufficient to convict under it; and finally, that a verdict of "guilty of aggravated assault and battery," should not be held valid under it, when the evidence only showed an aggravated assault.

As to the sufficiency of the indictment, it clearly was good for a simple assault, even at common law, and should not have been quashed on exceptions. It was also valid and sufficient in charging an assault with intent to murder, as we recently held in Martin v. The State. The exact point, that it is not necessary to allege the means or instrument used, was also held in The State v. Croft, 15 Texas, 576, which was decided by common law rules, and has since been followed in other cases.

At the trial the prosecution did not contend for a conviction of assault with intent to murder, but only for an aggravated assault. The court read to the jury the arti-

cles of the code relating to assaults and batteries, and aggravated assaults and batteries, and their punishment, and the article of the Penal Code, 498 (Pas. Dig., Art. 2160), which provides that, on indictments for assaults with intent to commit certain offenses, including the intent to murder, "the jury may acquit the defendant of the offense charged, and may, *according to the facts of the case*, find the defendant guilty of an aggravated assault, or of assault and battery, or of a simple assault, and affix the proper penalty to which such offense is liable by law." The court in effect held, that the accused might be convicted of an aggravated assault under the indictment, and refused charges to the effect that they could not do so, because the indictment did not set out either of the state of circumstances, specified in Article 498 of the code, as the criteria distinguishing aggravated assault or battery from common assault and battery or simple assault.

It is quite clear that the charges asked were in conflict with the plain provisions of Article 498, which the court read to the jury, and by which it was justified in refusing them. So the law is written, is a sufficient answer to the ingenious argument of counsel.

It is further assigned as error, that the verdict, "guilty of aggravated assault *and battery*," is not warranted by the indictment, nor by the evidence, and that it will not support the judgment for the lowest fine allowed in such cases. It is true, that the evidence does not prove a battery, and the formal and proper verdict on such an indictment would be only, guilty of aggravated assault. But that the verdict does find this, is clear. Does its including also a battery vitiate the whole? We think not; and especially as the same penalty and judgment apply to the one as to the other. It is not a material error.

Finally, exception was taken to a ruling of the court

upon practice as to the order of introducing testimony, which is also assigned as error. The State proved its case by one witness, and rested. The defendants introduced one witness whose evidence greatly varied from and contradicted that of the State's witness, and rested. Thereupon the State introduced another witness in rebuttal, who corroborated the first, and denied that defendants' witness was present at the assault, and again rested. Then defendants offered to introduce another witness, wife of their first, to rebut the State's last witness, and in corroboration of her husband, to which the State objected, and the witness was excluded. This was in accordance with the rule as stated by Greenleaf, Section 469*a*, and the usual practice in Texas. But we do not regard it as a fixed, invariable rule, which the court may not relax. Exercising a sound discretion, it might have been relaxed in favor of defendant, but we do not pereive in this record any reason why it should have been done.

The judgment is affirmed.

AFFIRMED.