### SAM JOBE *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER.—On trial of an assault with intent to murder, wherein the main issue was the intent with which the assault was committed, it was error for the district judge to omit and refuse to present that issue so plainly and directly to the jury that they could not have misunderstood or disregarded it in arriving at their verdict; and when, as in this case, it is further apparent that the accused was convicted of assault with intent to murder, upon evidence amply sufficient to prove an aggravated assault, but not sufficient to prove an intent to take life, this court has no discretion to affirm the judgment of conviction, but must reverse for a new trial.

APPEAL from the Criminal Court of the City of Clarksville. Tried below before the Hon. JAMES Q. CHENOWITH.

The appellant met Dan Murray, a colored boy, in the highway, and with little or no provocation beat him over the head with a pistol, cut a gash in his throat with a pocket-knife, forced him to dance, and maltreated him otherwise. They were total strangers to each other, and it would seem that appellant could have been actuated by no other motive than mere wantonness. But, however brutal his conduct, even the boy's evidence obviously failed to prove any intent to take his life.

*Clark & Todd*, for the appellant. The three special charges asked by defendant the court refused to give, and alleged as a reason for his refusal that they were embraced

in the charge of the court.   This is an admission of the correctness of the propositions contained in the special charges, and of their applicability to the circumstances of this case, in the opinion of the court.   We insist that the propositions were not submitted to the jury as requested by defendant; but that wherever it can be plausibly contended that similar propositions are submitted in the charge of the court, they are so involved in construction, and limited, restrained, and qualified in their application to the facts of the case, that the effect was to mislead, rather than instruct, the jury.

The point we desired submitted was this :   If the jury believed that defendant did not intend to kill Murray, he could not be convicted of assault with intent to murder. We do not believe that it can be successfully contended that the charge fairly submits this to the jury.   We think the gravest error in the charge of the court, in qualifying all those parts that were favorable to the defendant, was in the paragraph announcing, as an *arbitrary* criterion in all cases of this kind, Article 2159, Paschal's Digest, and the opinion of the supreme court in the case of *Yanez* v. *The State*, 20 Texas, 660, which may be epitomized thus : " Had death resulted, would it have been murder?"   We think this was calculated to, and did in fact, divert the attention of the jury from the other parts of the charge.

We believe the principle announced in the article of the Code above referred to, and in the opinion of the able jurist (Judge Wheeler) in *Yanez* v. *The State*, to be sound law, where the facts developed on the trial warrant its application.   We ask special attention to the wording of the statute—"*deemed* to have done the same with that intent." This word *deem* is not a technical legal term, and must be taken in its common acceptation, as *presumed, thought, supposed*.   The Code does not say the presumption or supposition shall be conclusive ; and, if the facts themselves

clearly rebut such a presumption, the criterion cannot apply. But the court in this case says to the jury that it is *the* criterion ; that this case must be determined by this standard and measure ; that the presumption is conclusive and cannot be rebutted.   Is this a correct interpretation of the Code and of the decision in the case of Yanez?   In that case Judge Wheeler says "the Code makes it a criterion by which to determine the intent," not *the* criterion.   What does the word criterion mean?   A test, standard, measure, or rule.   It is only needed in the absence of definite or accurate information.   When the facts, circumstances, and *res gestæ* show clearly the intention with which an act was done, it is absurd to talk of a criterion or rule by which to arrive at that intention.   We will illustrate :   A is informed and believes that B has stolen his property, and he desires to force B to disclose where it is concealed.   With this view he puts a rope around B's neck and chokes him, to compel the disclosure.   If death results it is certainly murder. Yet this would defeat A's object, and is not what he intends. Will it be seriously contended—death not resulting—that our laws would warrant a conviction of assault with intent to murder ; that by artificial construction and an arbitrary criterion a certain intent shall be affixed to an act, followed by the most serious consequences, when all the facts and circumstances directly and positively contradict the assumption?   This is contrary to the genius of our laws and the progress and civilization of the age.   Our law does not favor presumptions of guilt, and in the criminal law they are never conclusive ; but the humanity of the law always listens willingly to proof in rebuttal of such presumptions ; it utterly abhors crimes by construction.

*H. H. Boone*, Attorney General, for the State.

ECTOR, Presiding Judge.   The grounds relied on for

reversing the judgment are set forth in an assignment of errors filed by the defendant in this case, the most important of which, in our judgment, is the action of the court below in overruling the defendant's motion for a new trial. The defendant moved the court to grant him a new trial for the following reasons, to wit:

" 1. The court erred in its charge to the jury.

" 2. The court erred in refusing to give the charge asked by the defendant.

" 3. The verdict of the jury is contrary to the law and the evidence."

We think the indictment is a good one. In support of this view, see case of *Bittick and Williams* v. *The State*, 40 Texas, 117. We deem it unnecessary particularly to notice only the last two grounds set out in said motion.

The counsel of the defendant asked the following special charge, which should have been given: " Defendant asks the court to charge the jury, if they believe from the evidence that defendant did not intend to kill the prosecutor (Dan Murray), or did not use the knife or pistol in such a manner as to evidence an intention to take life, they cannot find the defendant guilty." The court refused to give this charge in the following words: " Refused, because the words are used, in effect, in the charge of the court."

It is made the duty of the judge to deliver to the jury, in writing, in all cases of felony, a charge, in which he shall distinctly set forth the law applicable to the case, and it should be applicable to every legitimate deduction which the jury may draw from the facts. *Johnson* v. *The State*, 27 Texas, 758.

Does the evidence show that the defendant intended to murder Dan Murray, or does it show that he used the knife or pistol in such a manner as evidenced an intention to kill said Murray? If either one of these questions can be answered in the affirmative, then the judgment of the court

below should not be disturbed. The charge asked, had it. been given, would have presented the main issue for the jury to decide in determining whether or not the defendant was guilty of an assault with the intent to murder in this case, and this point should have been so plainly and directly presented to the jury that they could not have been misled, or could not have lost sight of it, in considering their verdict. Whilst the judge charged the law as far as he went, at the same time the facts of the case in evidence required that the charge asked by the defendant, or something embodying the same ideas, should have been given. If the jury had found the defendant guilty of an aggravated assault and battery, and in the exercise of its discretion had gone to the full extent of the punishment prescribed by law for this offense, we would not disturb a judgment of the lower court in accordance with such a finding. The intent with which the act is committed is a material fact, and when there is a deficiency of proof, as in this case, of such intent, this court can have no discretion. The case of *J. F. Kerr* v. *The State of Texas*, delivered on the 25th of October, 1875, is in point.

The facts in evidence, as given in the record in this case, do not show that the defendant intended to murder the said Murray, nor do they show that the defendant used the knife or pistol in such a manner as evidenced an intention to take the life of said Murray. For these reasons we believe that the finding of the jury and the judgment of the court below were contrary to the law and the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*