H. L. SMITH v. THE STATE.

RECOGNIZANCE FOR APPEAL. — Appellant was tried for aggravated assault and
battery, but was found and adjudged guilty of "aggravated assault." By
his recognizance for appeal the offence is described as "aggravated as-
sault and battery." On account of the discrepancy the State moved to
dismiss the appeal for want of a sufficient recognizance. But the motion
is overruled because, in view of the provisions of the Code, the discrepancy
is not material, and may be eliminated from the recognizance as surplusage.

APPEAL from the County Court of Wood.   Tried below
before the Hon. W. J. JONES, County Judge.

The fine imposed on the appellant was for $50.   On the

final hearing in this court the conviction was sustained, without a written opinion.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.   Appellant was prosecuted in the County Court of Wood County by information charging him with an aggravated assault and battery.   The verdict of the jury at the trial was : " We, the jury, find the defendant guilty of an aggravated assault, and assess the fine," etc.   Judgment of the court was for *an aggravated assault*.   Upon the overruling of his motion for new trial, defendant gave notice of appeal and entered into a recognizance, in which it is recited that he " stands charged in this court with the offence of *an aggravated assault* AND BATTERY, and who has been convicted of said offence in this court."

A motion is made by the assistant attorney-general to dismiss the appeal, " because the recognizance neither states the offence with which appellant now stands charged nor the one of which he was convicted," citing Code Cr. Proc., arts. 287, 852 ; *Warnock* v. *The State*, 6 Texas Ct. App. 440. The point contended for is, that appellant was not convicted of an aggravated assault and battery, but only of an aggravated assault.

This is not a new question in this State.   A similar point was made in *Bittick* v. *The State*, and our Supreme Court said, Gray, J., delivering the opinion : " It is further assigned as error that the verdict, ' guilty of aggravated assault and battery,' is not warranted by the indictment nor by the evidence, and that it will not support the judgment for the lowest fine allowed in such cases.   It is true that the evidence does not prove a battery, and the formal and proper verdict would be only guilty of aggravated assault.   But that the verdict does find this is clear.   Does its also including a battery vitiate the whole?   We think not, and

especially as the same penalty and judgment apply to the one as the other. It is not a material error." 40 Texas, 117.

In the definition of assaults in the Code we find that the terms " simple assault " and " assault and battery," " aggravated assault " and " aggravated assault and battery," are used as synonymous. Penal Code, arts. 484, 486, 487, 493–496 ; *Foster* v. *The State*, 26 Texas, 236.

And so in this case, the difference in the name of the offence as stated in the judgment from that as stated in the recognizance is, in our opinion, wholly immaterial. The words, " and battery," used in the recognizance, may be treated as surplusage.

The motion to dismiss the appeal is overruled.

*Motion overruled.*