[No. 1905.]

## W. P. DAVIS v. THE STATE.

1. ASSAULT WITH INTENT TO MURDER.— INDICTMENT for assault with intent to murder need not allege the manner in which or the means with which the assault was committed.
2. SAME.— Subdivision 2 of article 714 of the Code of Criminal Procedure provides that an assault to commit any felony includes all assaults of an inferior degree. The preceding article of the same Code provides that: "When a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment or information." *Held*, that, under these provisions of the said articles, a conviction for an aggravated assault may be had under an indictment charging an assault with intent to murder.
3. SAME — CONSTITUTIONAL LAW.— The said articles 713 and 714 of the Code of Procedure contravene no provision of the Constitution, so far as this case is concerned. The rulings in *Huntsman* v. *The State*, 12 Texas Ct. App., 619, and *Williams* v. *The State*, id., 395, are not germane to the question involved in the present case.

APPEAL from the District Court of Grimes. Tried below before the Hon. Benton Randolph.

The indictment charged the appellant with an assault with intent to murder one F. R. Stringer, in Grimes county, Texas, on the 10th day of December, 1881. He was convicted of an aggravated assault, and the punishment assessed against him was a fine of $250.

*Boone & Cobbs*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. The indictment alleges that the defendant, of his malice aforethought, made an assault upon one Stringer with intent to murder the said Stringer. It does not allege the manner in which, or the means with which, the assault was committed. Under this indictment the defendant was convicted of an aggravated assault and fined $250. Defendant excepted to the indictment, and also moved in arrest of judgment, the ground of said exception and motion being that the acts constituting the alleged assault, the manner and means of its commission, were not alleged. The exception and motion were overruled. The sufficiency of the indictment to support this conviction is the only question presented for our decision.

A long line of decisions in this State, as well as elementary author-

ities, sustain the sufficiency of the indictment for the offense of assault with intent to murder. (See the authorities cited in note 1, to Form 357, Willson's Cr. Forms. See, also, Whart. Cr. Pl. & Pra., § 159, and cases cited in note 7; Whart. Cr. Law (8th ed.), § 644.)

Our Code of Criminal Procedure, article 714, subdiv. 2, provides that an assault to commit any felony includes all assaults of an inferior degree. And the preceding article provides that "When a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (*naming it*) but guilty of any degree inferior to that charged in the indictment or information." Under authority of these provisions it has been repeatedly held in this State that a conviction for an aggravated assault may be had under an indictment charging in the usual form an assault with intent to murder. (*James* v. *The State*, 36 Texas, 645; *Bittick* v. *The State*, 40 Texas, 117; *Peterson* v. *The State*, 12 Texas Ct. App., 650.) Such has been the established doctrine in this State for a number of years, and long prior to the adoption of our present State Constitution.

It cannot, therefore, be said that the provisions of our statute which we have quoted, or the decisions giving them effect, are in conflict with the Constitution; because the same were the recognized law of the land when the Constitution was adopted. An indictment sufficient under the law as it then existed must be regarded as an "indictment of a grand jury," within the meaning of § 10 of our Bill of Rights. Hence the reasoning in *Huntsman* v. *The State*, 12 Texas Ct. App., 619, and *Williams* v. *The State*, id., 395, is not applicable to the question in this case. In those cases the indictments were not valid under the law as it existed and was understood at the time of the adoption of the Constitution, but were attempted to be upheld under subsequent legislation which this court held it was not within the power of the Legislature to enact.

At the request of counsel for defendant we have written this opinion. He desired that we should give our reasons for holding, as we do, that this conviction is proper under this indictment. We have stated the only reason we have, which is that our statute expressly authorizes it, and that statute we believe to be constitutional. As said by Judge Gray, in *Bittick* v. *The State, supra:* "So the law is written, is a sufficient answer to the ingenious argument of counsel." The judgment is affirmed.

*Affirmed.*

[Opinion delivered February 13, 1886.]