### DAMON WIMBERLEY v. THE STATE.

No. 671.   Decided June 8, 1910.

Rehearing Denied October 12, 1910.

**1.—Aggravated Assault—Assault to Murder—Allegations—Charge of Court.**

In a prosecution for assault with intent to murder, under an indictment in the usual form, a conviction for aggravated assault may be had, and no grounds of aggravation · need be set out in the indictment. Following Bittick v. State, 40 Texas, 117, and other cases.

**2.—Same—Charge of Court—Serious Bodily Injury.**

Where, upon trial of assault with intent to murder, the evidence showed the infliction of serious bodily injury, there was no error in the court's charge on aggravated assault in omitting to submit the different grounds of aggravation.

Appeal from the District Court of Blanco.   Tried below before the Honorable Clarence Martin.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.

The opinion states the case.

*N. T. Stubbs,* for appellant.—On the question that the indictment must set forth the grounds of aggravation to convict the defendant of aggravated assault in a prosecution for assault with intent to murder: Huntsman v. State, 12 Texas Crim App., 619; Hewitt v. State, 25 Texas 722; Allen v. State, 13 Texas Crim. App., 28; Hunt v. State, 9 Texas Crim. App., 404; Browning v. State, 2 Texas Crim. App., 47; Williamson v. State, 5 Texas Crim. App., 485; Flynn v. State, 8 Texas Crim. App., 368; Meier v. State, 10 Texas Crim. App., 39.

Everything should be stated in the indictment which it is necessary

to prove. White's Code of Criminal Procedure, Art. 440; Brown v. State, 26 Texas Crim. App., 540, and cases above cited.

An indictment for assault to murder in the ordinary form will not support a conviction for aggravated assault: Bolding v. State, 23 Texas Crim. App., 172; Foreman v. State, 57 S. W. Rep., 843.

On the question of serious bodily injury; George v. State, 21 Texas Crim. App., 315; Wilson v. State, 34 Texas Crim. App., 64; 29 S. W. Rep., 41; Halsell v. State, 29 Texas Crim. App., 22; 18 S. W. Rep., 418.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted in the court below for assault with intent to murder. His trial resulted in a conviction for aggravated assault with a penalty of a fine of $250 and six months' imprisonment in the county jail.

The testimony developed that on the 25th day of December, 1908, in Blanco County, Texas, at a dance at Bruemer hall there was a difficulty between Richard Stahl, the appellant in this case, and one Galbreath. The prosecuting witness testified that he went out of the hall to the bar to get a glass of beer; that the appellant and Galbreath came into the bar and Galbreath began to push the prosecutor; that the prosecutor pushed him back or away from him and he came up again when the prosecutor struck him; that the appellant then rushed into the melee, the prosecutor knocked Galbreath down and appellant, running up at him, made a quick strike and cut him on the face; that the appellant and prosecutor then clenched and in the scuffle around the prosecutor was again cut, and this time his throat was cut and his clothing was cut at several different places, when the parties were separated. The witness further testified that before he ever struck, appellant cut him. The cut on the prosecutor's throat was about five inches long; the prosecutor bled a great deal and fainted from the loss of blood.

The court submitted the case to the jury on assault to murder, aggravated assault, simple assault and self-defense. It is insisted in this case that the court was in error in submitting aggravated assault to the jury because no grounds of aggravation were set out in the bill of indictment. This is no longer an open question in this State. It is not necessary to allege either the manner in which, or the means with which the assault was committed. It has been held repeatedly that a conviction for an aggravated assault may be had under an indictment charging, in the usual form, an assault with intent to murder. See Biddick v. State, 40 Texas, 117; Davis v. State, 20 Texas Crim. App., 302; Bolding v. State, 23 Texas Crim. Rep., 172. The court in submitting the case to the jury directed the jury that if they found that an assault was made and there was no specific intent to murder, then they would consider whether the appellant was

guilty of aggravated assault and directed the jury that though they might find the assault was unlawful and committed with a deadly weapon, yet, if the appellant cut the prosecutor and his mind at the time was inflamed or angered, which passion was produced by an adequate cause, then the appellant would be guilty of no higher offense than aggravated assault. He also directed the jury if they had a reasonable doubt as to whether the appellant was guilty of an aggravated assault they would determine the question as to whether he was guilty of a simple assault or not. Now the complaint is made that the court should have submitted the issue of aggravated assault and set forth the grounds of aggravation—that is, he should have directed the jury if the assault was made with a deadly weapon or with premeditated design by the use of means calculated to inflict great bodily injury, or serious bodily injury was inflicted, then appellant would be guilty of aggravated assault. Under the facts of this case there was no simple assault. If appellant was guilty of anything he was guilty of aggravated assault without reference to whether it was done in the heat of passion or not. Serious bodily injury was inflicted. The prosecutor had his throat cut. A gash five inches long around his neck; a gash three inches long on the cheek; his coat was cut and his vest cut. These injuries were such as to create apprehension and to say that because a vital artery or vein was not severed that it would not be serious would be saying that a man could not be convicted of aggravated assault by reason of the infliction of serious bodily injury, because death did not result. The jury having convicted appellant of aggravated assault we would not be inclined to disturb their verdict. When the character of the wounds is taken into consideration they were serious and appellant could only be guilty of aggravated assault; hence, no prejudicial error resulted from the omission of the court to submit the different grounds of aggravation as defined by the statute.

Finding no error of such a prejudicial character as would authorize a reversal, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 12, 1910. Reporter.]