## G. T. VAUGHN V. STATE

No. 28,866. April 3, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinios) May 15, 1957.

*Mac L. Bennett, Jr.,* Normangee, for appellant.

*Jno. M. Barron,* County Attorney, *Brooks Cofer,* Assistant County Attorney, Bryan, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was jointly indicted with Leonard Wayne Wilson and Jack Bruce with disfiguring John Holt, Jr., the indictment alleging that acting together they did unlawfully, wilfully and maliciously make an assault by means of throwing combustible lighter fluid on the back and body of John Holt, Jr., and causing the combustible lighter fluid to be ignited, thereby setting fire to the body of said John Holt, Jr., and did wilfully and maliciously place a mark upon the back and body, being the lumbar area of the back of said John Holt, Jr., thereby disfiguring him.

Motion for severance was granted and appellant was ordered tried first.

The trial resulted in a verdict finding appellant guilty of aggravated assault and the jury assessed his punishment at one year and one day in jail. The appeal is from the judgment entered upon said verdict.

The first ground for reversal is that the evidence is insufficient to sustain the conviction.

John Holt, Jr., the injured party, was a Negro who frequently came to Jack Nash's place where he shined shoes. He was granted permission by the manager, Lynn Hardin, each time he came in.

On April 22, 1956, Claudia Martin, who was employed as a waitress, and Joe Messina were seated at a table in the Jack Nash place and were joined by appellant and his co-indictees Wilson and Bruce who came there together about 6 P.M., accompanied by the wife of Leonard Wayne Wilson.

After some 20 or 25 minutes Messina moved to another table and the waitress left also "because they were talking kind of loud and nasty."

The Negro shine boy came in and appellant asked him to shine his shoes, and he did; he also drank a beer which one of the three men gave him, and then left.

He had just about gotten to the door when appellant called him back and told him to shine his shoes over again and the Negro returned and started shining appellant's shoes again.

Appellant and Jack Bruce offered the Negro a beer and appellant invited him to sit down and the Negro drank another beer.

The witness Joe Messina testified that he heard the Negro "get up and holler 'Lordy, help me!' and I looked back and the back of his shirt was on fire;" that he could smell lighter fluid and that Mr. Hardin got a towel and put out the fire; that at the time Holt was set afire appellant and his co-indictees and Mrs. Wilson were at the table with him.

Messina testified that he asked Jack Bruce what happened and he said "We set the Negro on fire."

Claudia Martin, the waitress, testified that after the Negro got back to the men at the table and about 15 minutes before she saw the Negro on fire, one of the men, Wilson, bought a can of lighter fluid from her and took it to the back where the others were sitting.

Just before the Negro came dashing out of the door "on fire," according to Claudia's testimony, Leonard Wayne, Wil-

son's wife, came running up to the front and said "Claudia, they are going to set that nigger afire back there."

As a result of his burns Holt's back was scarred, the description of the burned area varying from "the size of a quarter or a little larger, not much larger," by a defense witness, to "clear across his back * * * and along each side of his back, it was real deep * * * from the lower ribs on both sides down to just about the tail bone * * * and all the way across the lower part of the back."

According to his sister Mayde Johnson, the Negro suffered from the burns and the burns had not completely healed when the Negro died as a result of a stroke some weeks later.

The undisputed evidence shows that appellant and his co-indictees had been drinking when they came to the Nash place and that during the hours they remained there, both before and after the Negro was burned, they sat at a table together and were drinking beer.

The witness Messina testified that none of the three men appeared to take the burning of the Negro seriously but were laughing about it. He further testified that on Saturday before the trial appellant came to the service station where he was and "threatened me that he was going to get me if I testified, this and that."

Appellant testified in his own behalf and claimed that he was asleep at the time and did not know about or participate in setting the Negro afire. He said that he went to see Messina to ask him to tell the truth.

As we view the testimony, the jury was warranted in finding that appellant and his co-indictees acting as principals committed an assault upon the shine boy John Holt, Jr., by throwing lighter fluid on his back, igniting it and setting fire to his body.

Appellant concedes that if the indictment is sufficient to charge the felony offense of disfiguring, defined by Art. 1167 P.C., then aggravated assault is a lesser included offense. He contends, however, that there is fundamental error in the court's charge because the court wholly failed to apply the law stated in the abstract to the facts and authorize a conviction for aggravated assault.

The court in his charge, after submitting the felony offense, defined assault and stated the punishment applicable to such offense, but where the instruction as to the ground of aggravation would have been appropriate omitted to state such ground.

The trial court certifies that it was agreed that the words "with a deadly weapon" should be deleted and all objection to the charge in connection with aggravated assault was withdrawn.

No objections appear in the record regarding this omission or regarding the court's failure to apply the law to the facts.

We have held that where the undisputed evidence shows that the assault, if made, was an aggravated assault if not the higher grade of offense charged, the court need not include in the charge the ground of aggravation. Wimberly v. State, 60 Texas Cr. Rep. 65, 130 S.W. 1002.

The record shows that forms of verdicts were furnished with the charge, one of which was appropriate and was used by the jury in finding appellant guilty of aggravated assault.

There are a number of cases holding that a charge of the court excepted to which makes no application of the law to the facts will result in reversal. Edwards v. State, 96 Texas Cr. Rep. 574, 259 S.W. 578; Guajardo v. State, 113 Texas Cr. Rep. 570, 24 S.W. 2d 56.

The opinion in Guajardo v. State, cited by appellant, states "The omission was pointed out by timely written objection, which was not responded to by the court."

In the absence of an objection and in view of the facts; of the court's certification and the verdict form accompanying the charge, the error in the court's charge does not call for reversal.

The charge was attacked because of the omission of an instruction on the law of circumstantial evidence and this constitutes appellant's remaining ground for reversal.

It is true, as appellant suggests, that no witness testified that he saw appellant throw lighter fluid on the shine boy or set it afire.

We have concluded, however, that appellant's guilt does not

rest upon his personally throwing the lighter fluid or lighting it, but upon his acting as a principal with his co-indictees who did. Considering the res gestae statements, the facts are in such close juxtaposition as to be equivalent to direct evidence showing appellant's guilt as charged and a charge on circumstantial evidence was not essential. Branch's. Ann. P.C., Second Ed., Sec. 2050.

The judgment is affirmed.