Reversed and remanded.

### The State v. William Croft.

Where an indictment charged that the defendant, on &c., at &c., with a certain
pistol of the value of five dollars, then and there loaded and charged with gun-
powder and one leaden bullet, which said pistol, he, the said William Croft,
in his right hand then and there held, in and upon one D. H. Lawrence, whose
Christian name is to the Grand Jurors aforesaid unknown, in the peace of God
and the State of Texas, then and there living, wilfully, feloniously and of
malice aforethought, did make an assault, with intent him the said D. H.
Lawrence then and there wilfully, feloniously and of his malice afore-
thought to kill and murder, it was held that the indictment was sufficient, and
that it was not necessary to state the manner in which the defendant attempted
to use the pistol ; as by shooting or otherwise.

Appeal from Limestone.   Indictment for an assault with
intent to kill.   The language of the indictment will be found
in the synopsis.   The defendant moved to quash on the ground,
1st, That the said indictment does not set forth the manner in

which the pistol in said indictment mentioned, was used or attempted to be used. 2nd, That in said indictment the intent to kill is vaguely alleged. Motion sustained.

*Attorney General*, for appellant.

WHEELER, J. In an indictment for an assault with intent to commit an offence, the same particularity is not required as in an indictment for the commission of the offence. (Whart. Am. Cr. L. 467, 2nd edit.) Thus : " In an indictment with " intent to murder, it is not necessary to state the instrument, " or means made use of by the assailant, to effectuate the mur- " derous intent. The means of effecting the criminal intent, " or the circumstances evincive of the design with which the " act was done, are considered to be matters of evidence to the " Jury, to demonstrate the intent, and not necessary to be in- " corporated in the indictment." (Ib.)

In the case of the State v. Johnson (11 Tex. R. 22,) the averment of the felonious intent was wanting. Not so in the present case. The intent is distinctly averred. We are of opinion that the indictment is sufficient ; and that the Court erred in sustaining the motion to quash it : for which the judgment must be reversed and the cause remanded for further proceedings.

Reversed and remanded.