## H. A. LEWIS ET AL. VS. J. M. COLE ET AL.

SUPREME COURT, TYLER TERM, 1883.

*Unrecorded Title Bond—Stale Demand—Fact Case.* Note state of facts where title bond was executed twenty-eight years before suit under same, the consideration being the location and patenting of a land certificate, though it does not appear by whom it was located or by whom the patent was procured, and where it is held that the title bond only conferred an equity which the grantee therein in the proper time might have enforced if he had complied with the terms thereof, but which, under the circumstances, is a stale demand.

Appeal from Clay County.

*T. J. Wyatt* for appellants.

No counsel marked for appellees.

Opinion by Stayton, J.

This suit was brought May 14th, 1880, by the appellants, to recover a tract of land, which was patented to John A. Greer on the 1st day of April 1856.

On the 26th day of January 1852 John A. Greer executed a bond for title to James W. Flanigan, by which he obligated himself when Flanigan obtained a patent upon a certificate named in the bond, and the same upon which the land in controversy was patented, to convey one half of the land thus obtained to Flanigan.

On the 10th of Oct., 1854, Flanigan conveyed to Charles Lewis thirteen hundred acres of the land certificate and authorized him to receive a patent therefor from the commissioner of the general land office.

Neither the title bond from Greer to Flanigan nor the conveyance from Flanigan to Lewis were recorded.

It is admitted that the appellants are the sole heirs of Charles Lewis.

The tract of land sued for contains something more than 1300 acres of land, but embraces but little over half of the land which could be granted by the certificate, one undivided half of which the bond from Greer to Flanigan recited had been sold by the former to the latter. It does not appear when or by whom the land was located, nor that the entire certificate was ever located; nor does it appear by whom the patent was obtained for the land sued for.

John A. Greer died a short time before or after the patent issued,

and it was admitted that Mrs. C. A. Dashiell, through whom the appellees show a regular chain of title, was the sole heir. The land was conveyed to Mrs. Emily Douglass who is one of the defendants, by the executor of the will of Mrs. Dashiell on the 18th of April, 1878, and the deed was recorded on the 21st of May 1880.

It does not appear that Mrs. Douglas, at the time she purchased, had any knowledge of the bond from Greer to Flanigan.

The defenses were, plea of not guilty; statute of limitations of ten years; and that the claim was a stale demand. There was a demurrer filed to the last two defenses, which were overruled by the court, and this is assigned as error.

The cause was tried without a jury, and the court held that the appellees were innocent purchasers for valuable considerations and without notice of appellants' claim, and that appellants' claim was a stale demand, and rendered judgment in accordance with the findings, and this is assigned as error.

Appellants do not controvert the findings of fact by the court; but submit their case upon these propositions, thus stated by their counsel :

Appellants submit this proposition : 1. That the conveyance from John A. Greer to J. W. Flanigan, 20th of Jan. 1852, divested John A. Greer of all the title he had in the land which was conveyed by it; and, although the instrument was never recorded, he nor his heir, Mrs. C. A. Dashiell, had no fee remaining in the land, and none could descend to his heir, Mrs. C. A. Dashiell, at his death, and a subsequent purchaser from his heir, said Mrs. Dashiell or from her legal representative, said W. B. Dashiell, could acquire no further or other interest in the land than was possessed by Mrs. C. A. Dashiell.

2nd. The conveyance from W. B. Dashiell, the executor of Mrs. C. A. Dashiell, to Mrs. Emily Douglass, conveyed nothing for he had nothing to convey.

3rd. An estate fairly sold and paid for cannot revert to the grantor from the mere lack or negligence of the grantee in not having his title recorded. Rogers vs. Burchard, 34 Tex. 451.

Under the registry laws an unrecorded deed is held to pass the title as against the grantor and his heirs, and would be void only as against subsequent purchasers, without notice, from the same grantor. (id.). An uncorded deed deed conveys all the title of the grantor and he has no longer any interest in the estate, nor can any interest

descend to his heirs.    Davis vs. Ousley, 14 Missouri 1870; Valentine
vs. Havnor, 20 Missouri 133; Hill vs. Meeker, 24 Connecticut 211.

Whittington vs. Wright, 9 Georgia 23.

The doctrine of stale demand and innocent purchaser without no-
tice will not apply in this case.

The bond for title did not pass the legal title to any land to Flan-
igan, even though he paid the full value of the certificate.   It con-
ferred but an equity upon him which in proper time he  might have
enforced if he fully complied with his part of the contract.

The legal title remained in Greer, and upon his death it  descend-
ed to his only child, through whom by conveyance it vested in Mrs.
Douglass.

We see no reason why a conveyance  made by the heir of  Greer,
or by her representative, to one who has no notice of the bond made
by Greer to Flanigan, should not be just as  effective under the reg-
istration statutes, as though  Greer  himself  had made  the convey-
ance.

The evils intended to be remedied apply in the  one case as in the
other.    The titles as between the father and the child are not differ-
ent titles,  but one and  the same title  transmitted from  the one  to
the other by operation of  law.

The title of Mrs. Dashiell, upon her  father's death, was the legal
title,and was the apparent equitable title,upon which all persons might
rely, in the  absence  of  notice,  against all  outstanding  legal  titles
or equities, subject to the registration laws.

The case of Rodgers vs. Buchard  is referred  to as an  authority
for the propositions sought  to be maintained.    That  case was con-
sidered in the case of Taylor vs. Harrison, 47 Tex. 559, and upon the
point now under consideration was practically overruled.

The court found that  a valuable  consideration  was paid for  the
land by Mrs. Douglas; the  statement of facts  does not make  this
clear, further than by the recitals in the deed, but be this as it may,
it is probably true that, as the appellee had the  apparent  legal  and
better title, it was incumbent upon the appellants, who were seeking
equitable relief,  to show any defect or want of  equity in the title of
the appellees.

Johnson vs.Newman, 43 Tex. 642.

More than twenty-eight years had  elapsed  after Greer  executed
the bond to Flanigan,before any steps were taken to enforce it.    No

reason is shown for the delay, and we are of the opinion that the court did not err in the holding that the claim was stale.

McKin vs. Williams, 48 Tex. 89; Hodges vs. Johnson, 15 Tex. 575; Carlisle vs. Hart, 27 Tex. 354.

The statute now fixes ten years as the period which will bar an action for the specific performance of a contract to convey land. R. S. 3209. The judgment is affirmed.