### STATE OF MINNESOTA vs. JOSEPH A. HENN.

### November 30, 1888.

**Assault with Dangerous Weapon — Description in Indictment.**—An indictment for assault with a weapon or thing likely to do grievous bodily harm, describing the instrument as "a weapon, to wit, a knife," "the said knife being then and there a weapon and instrument likely to produce grievous bodily harm," is sufficient.

**Same—Evidence of Threats.**—On the trial threats, made a few hours before the alleged assault, to commit it may be proved.

Defendant was tried and convicted in the district court for McLeod county, before *Edson, J.,* on an indictment for assault in the second degree, upon Veronica Henn, (who was his wife.) He appeals from an order refusing a new trial.

*R. H. McClelland* and *J. V. V. Lewis,* for appellant.

*Moses E. Clapp,* Attorney General, and *G. M. Nelson,* for the State.

GILFILLAN, C. J. This is an indictment for assault in the second degree. One of the kinds of assault that come within this degree is assault "with a weapon or other instrument or thing likely to produce grievous bodily harm." Subsection 4, § 187, Pen. Code. This indictment charges the assault to have been "with a weapon, to wit, a knife," "the said knife being then and there a weapon and instrument likely to produce grievous bodily harm." It is objected that as a knife is not necessarily a weapon likely to do grievous bodily harm, but may or may not be so, this knife ought to be more particularly described in the indictment, so that from the description it may be seen whether it was such a weapon or instrument or not. But the description of the knife, to wit, as "a weapon and instrument

likely to produce grievous bodily harm," is sufficient to bring the case within the definition of offence cited. In *State* v. *Dineen,* 10 Minn. 325, (407,) the description was "a dangerous weapon, to wit, a large, heavy stone," and it was held sufficient.

It was proper to prove the previous threats of defendant to assault the complainant. The fact of the assault being denied, it was proper to strengthen the direct proof of it by proving the threats made only a few hours before, showing defendant in the mood and temper to make the assault, and intending to make it. We see nothing in any other objection.

Order affirmed.