TERRITORY OF MONTANA, Appellant, v. THEO-
DORE MILROY, Respondent. TERRITORY OF
MONTANA, Appellant, v. ISAAC MILROY, Re-
spondent. TERRITORY OF MONTANA, Appellant,
v. PATRICK DOOLEY, Respondent. TERRITORY
OF MONTANA, Appellant, v. JAMES CAMPBELL,
Respondent.

INDICTMENT— *Assault with intent to murder — Greater including minor offense.* —
The indictments in the four cases at bar were substantially the same. The lan-
guage charging the offenses appears in the opinion. They were demurred to on
the grounds that they were ambiguous in reciting attempts to assault, and
charging attempts to murder; that they charged no offenses; and that each of
them charged more than one offense. The demurrers were sustained by the
District Court. *Held,* that each of said indictments clearly charged an assault
with intent to commit murder; that charging the minor offense of a simple
assault was proper, for the reason that it was included in the greater; and that
the lower court erred in sustaining the demurrers.

*Appeal from the Second Judicial District, Silver Bow County.*

The opinion states the points involved.

*W. E. Cullen,* Attorney-General, for Appellant.

The demurrer to the indictment is not well taken. It is based
upon three grounds, viz.: (1) Ambiguity in reciting an attempt to
assault, and in charging an attempt to commit murder. (2) That
no public offense is charged in the indictment. (3) That more than
one offense is charged in said indictment, to wit, an assault with
intent to do great bodily harm, or a violent injury, and an attempt
to assault with intent to commit murder, and an assault with
intent to commit murder. Ambiguity is defined to be duplicity,
indistinctness, or uncertainty of meaning in an expression used
in a written instrument (1 Bouvier's Law Dict. tit. "Ambigu-
ity"); the effect of words that have either no definite sense,
or else a double one. (*Ellmaker* v. *Ellmaker,* 4 Watts, 89.)
The pleader in this case was desirous of charging the defend-
ant with the offense of an assault with intent to commit murder.
Section 59, page 511, Compiled Statutes, does not define the
offense, but simply provides the punishment. An assault is
defined by the section preceding, and section 59 declares that
when an assault is made with intent to commit murder, rape, or

either of the other offenses named, the punishment shall be so and so. The indictment avers an assault in the language of the statute, with the addition that it was made feloniously, wilfully, purposely, deliberately, premeditately, and with malice afore-thought on the part of the defendant. If the indictment was for murder it would charge an assault in precisely the language here used, and would be sufficient. (1 Wharton's Precedents of Indictments, 115; *Territory* v. *Stears*, 2 Mont. 326.) Hav-ing charged an aggravated assault, it was next necessary, in order to constitute the offense, to charge the intent with which it was made, and the means used to make the assault, if known to the grand jury. There is no ambiguity or uncertainty in the language used charging the intent, nor is there any incongruity between the different parts of the indictment. The pleader has closely followed well-considered forms, and there is no defect in the indictment. (1 Wharton's Precedents of Indictments, 248 *b*; *Agee* v. *State*, 64 Ind. 340; *McCulley* v. *State*, 62 Ind. 428; *State* v. *Robey*, 8 Nev. 312; *People* v. *English*, 30 Cal. 216; *People* v. *Murat*, 45 Cal. 283.) The indictment distinctly states everything necessary to constitute an assault, and is also an absolutely good indictment for the offense of an assault with intent to commit murder. There is but one offense charged in this indictment, except in so far as a minor offense is included in a greater. Under this indictment, the defendant might be found guilty of a simple assault, if the facts established on the trial did not warrant his conviction for a graver offense. (*Territory* v. *Dooley*, 4 Mont. 295; Wharton's Criminal Pleading and Practice, 249; *People* v. *Fine*, 53 Cal. 264.)

*W. Y. Pemberton, William J. Galbraith,* and *Campbell & Duffy,* for Respondents.

The indictment does not charge in direct language any offense against the defendant as required by section 165, chapter 7, of the Compiled Laws of Montana. It is impossible to tell from the indictment, whether it was intended to charge the defendant with an attempt to commit some offense, or whether it was the intention of the pleader to charge him with an assault with intent to commit a bodily injury, or to kill and murder. And for these reasons the indictment is bad. (Comp. Stats. § 212,

subd. 2, p. 443.) The only offense charged in the indictment directly is an *attempt* to commit a violent injury (which is an offense unknown to our statute), the remainder of the indictment containing a description of the means used and the intent actuating the defendant. If the indictment had concluded at the word "held," it might have been contended that it would be good under section 60, page 511, of the Compiled Statutes, for an assault with intent to commit a bodily injury, if good for anything, but the addition of the words following, either charges two offenses, or makes the indictment so ambiguous, indefinite, and uncertain as to be fatally defective. But the indictment cannot be sustained under section 60, page 511, *supra*, for the reason that there is no allegation therein that the offense sought to be charged was committed under circumstances showing no considerable provocation or an abandoned and malignant heart. The defendant had a right to know exactly, on reading the indictment, the precise offense with which he was charged. The law gives him this right. (See *People* v. *Hood*, 6 Cal. 236; *People* v. *Lloyd*, 9 Cal. 54; *People* v. *Dolan*, 9 Cal. 576; *People* v. *Saviers*, 14 Cal. 29; *People* v. *Jacobs*, 29 Cal. 579.)

BACH, J. — The indictments and the demurrers in the foregoing cases are identical, and the ruling of this court in the first case will dispose of the others. The indictment, omitting the formal parts, is as follows:—

"The grand jury . . . . do present and say that Theodore Milroy, on the eighteenth day of June, 1888, at the county of Deer Lodge, Montana, did feloniously, wilfully, purposely, deliberately, premeditately, and with malice aforethought, attempt to commit a violent injury upon the person of Patrick Dooley, he, the said Theodore Milroy, having then and there the present ability to commit said injury by then and there feloniously, etc. (as before), shooting at and against said Patrick Dooley, with a certain gun, commonly called a rifle, then and there loaded, etc., . . . . with intent then and there, by him, the said Patrick Dooley, feloniously, etc. (as before), to kill and murder."

To this indictment the defendant demurred upon the following grounds: *First.* The recitals are for an attempt to

assault with intent to commit a violent injury, and the charging clauses are for an attempt to commit murder. *Second.* That there is no offense charged in the indictment. *Third.* That more 'than one offense has been stated and charged in the indictment, to wit, an assault with the intent to do great bodily harm, or a violent injury, and an attempt to assault with intent to commit murder, and an assault with intent to commit murder. The demurrer was sustained; the Territory is the appellant. We think that the indictment is the refinement of good pleading. Instead of charging an assault by using the words "did assault," the prosecuting attorney has inserted the very facts which the law declares shall constitute an assault.

Section 59, page 511, Compiled Statutes, defines an assault, which is declared to be "an unlawful attempt, coupled with a present ability to commit a violent injury on the person of another." The indictment first charges in the very words of the statute that defendant did commit all the facts essential to an assault; it then proceeds to state the means by which the assault was made, to wit, shooting at Patrick Dooley, and it adds in appropriate words the intent with which the assault was made. Substitute for the definition the act defined thereby, and the validity of the indictment becomes at once apparent; or take one step further in a trial for an assault with intent to commit murder; in instructing the jury the judge would naturally first define an assault, and the definition would be in the very words of the indictment. He would then call the attention of the jury to the description of the instrument claimed or alleged to have been used in this particular attempt to commit a violent injury, to wit, with a rifle; and he would then charge them upon the intent necessary to be proved in order that the crime alleged should be established. In other words, the indictment in this case contains no allegation (except, perhaps, certain adjectives), which the prosecuting attorney would not have to establish.

We are of the opinion that an assault with intent to murder has been charged in this indictment with the greatest degree of exactness; that an offense has been charged; and that the indictment does not charge two offense, except in this, that it properly charges the minor offense of a simple assault, which is

included in the greater crime sought to be charged, to wit, "an assault with intent to commit murder." (See *McCulley* v. *State*, 62 Ind. 428; *Agee* v. *State*, 64 Ind. 340.)

The judgment is reversed and the cause is remanded to the court below, with directions to overrule the demurrer.

*Judgment reversed.*

McCONNELL, C. J., and LIDDELL, J., concur.