Russell v. State.

the proceedings. *47 Mo., 274; 10 Minn., 223*, and cases *supra.*

See, also, *28 Ark., 411; 33 id., 174.* Defendant should have been held to answer a new indictment any way. *Mansf. Dig., 2158.*

---

## RUSSELL v. STATE.

INDICTMENT: *For assault with intent to kill.*

> In an indictment for an assault with intent to kill and murder, it is sufficient to allege that the assault was committed in the manner and with the intent necessary to constitute the offense charged, without expressly averring "the present ability" necessary under the statute to constitute the assault. [*Mansf. Dig., sec. 1562.*] The word "assult," when used in such connection, means all the statute defines an assault to be.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

Russell was indicted for an assault with intent to kill. The indictment, omitting the usual commencement, is as follows: "The said J. M. Russell, in said county, on the 29th day of September, 1888, upon one James Sharp, with a certain knife, feloniously, wilfully and of his malice aforethought, did make an assault, with intent him, the said James Sharp, then and

there feloniously, wilfully and of his malice aforethought, to kill and murder then and there, no considerable provocation appearing against the peace and dignity of the State of Arkansas."

The defendant demurred on the ground that the indictment does not allege that he had "the present ability" to commit the offense charged, and does not allege facts from which such ability could be inferred. His demurrer having been overruled he was convicted of a simple assault, and appealed. The only question raised by the appeal is as to the sufficiency of the indictment. Section 1562 Mansfield's Digest is as follows: "An assault is an unlawful attempt, coupled with present ability to commit a violent injury on the person of another."

*J. M. Russell, pro se.*

1. The indictment is bad, because all the allegations contained may be true, and yet the defendant may be innocent; it does not charge a " present ability " to commit the injury. *19 Ark , 143; 37 id., 96; 36 id., 151; 37 id., 96; 48 id., 67; 2 Bish. Cr. Law, Par. 23; Mansf. Dig., sec. 1562; 49 Ark., 179; 8 Ind., 524-5; 16 id., 298; 58 id., 415; 67 id., 401-8; Myers Ky. Code (1867), p. 600.*

*W. E. Atkinson,* Attorney General, and *T. D. Crawford,* for appellee.

Indictments merely charging an assault, have been often sustained by this court. See *7 Ark., 374; 49 Ark., 179; 34 id., 480; ib., 275 ; 24 ib., 348; 5 id., 660; 20 id., 66; 8 id., 451; 4 id., 56.* Present ability must be *proven. 49 Ark., 179.* But it is not necessary to allege it. *Bish. Cr. Pro., sec. 55; 1 Roscoe Cr. Ev., 423; 2 Greenl. Ev., sec. 82; 3 Sm. & M. (Miss.), 553; 1 Russell Crimes, 750 ; 78 Ala., 463 ; 43 Mich., 521 ; 31 Tex., 170; 18 Oh. R., 32; 35 Am. Dec., 735; 8 Ind., 524; 2 Arch. Cr. Pl., 282-7.* But see *contra* cases collected in *49 Ark., 179.* Yet not one of these cases decide that *at common law it was necessary to allege such present means, etc.*

No other court has followed., *58 Ind., 415.* See *18 Ala., 551–552.*

An indictment good at common law is good under the statute. *20 Ark., 183; 33 id., 566; 25 id., 405; 26 id., 323 ; 1 Bish. Cr. Pro., sec. 322; Bish. St. Cr., secs. 144, 254.*

**ASSAULT: Indictment.**

PER CURIAM. In an indictment for an assault with intent to kill and murder, it is not necessary to pursue the terms of the statutory definition of an assault. It is sufficient to allege that the assault was committed in the manner and with the intent necessary to constitute the offense, without expressly averring "the present ability" necessary to constitute the assault. The word assault or assaulted used in such connection means all the statute defines an assault to be. *Bishop on Statutory Crimes (2 ed.), sec. 514; Butler v. State, 34 Ark., 480; Lacefield v. State, ib., 275; Robinson v. State, 5 Ark., 660; McCoy v. State, 8 Ark., 451.*

Judgment affirmed.