STATE, RESPONDENT, *v.* SHEERIN, APPELLANT.

[Submitted April 20, 1892.  Decided November 28, 1892.]

JURORS— *Competency — Opinion from reading newspaper.* — A juror who has formed and expressed an opinion on the case from reading newspaper statements and from hearsay, but who states that he does not know the defendant, has no prejudice, and, notwithstanding such opinion, can impartially try the case, is competent under the eleventh subdivision of section 287, third division of the Compiled Statutes.

CRIMINAL LAW — *Assault with intent to murder — Description of weapon in indict-
ment.* — Where the statute defining an assault with intent to commit murder
does not specify any instrument as a means of effecting the criminal intent,
none need be stated in the indictment.

SAME — *Assault — Present ability.* — Evidence that the defendant threatened to kill
the person assaulted and shot at him several times with a 41-caliber revolver,
wounding him once, sufficiently shows a present ability to commit an assault
with intent to murder.

*Appeal from Second Judicial District, Silver Bow County.*

Conviction for an assault with intent to murder. Defendant
was tried before PEMBERTON, J. Affirmed.

The eleventh subdivision of section 287, Criminal Practice
Act, provides that if a juror state that he has formed or ex-
pressed an opinion as to the guilt or innocence of the accused,
the court shall thereupon proceed to examine such juror as to the
ground of such opinion, and if it appear to have been founded
upon reading newspaper statements, communications, comments,
or reports, or upon rumor or hearsay, and not upon conversa-
tions with witnesses of the transaction, or reading reports of
their testimony, or hearing them testify, and the juror state, on
oath, that he feels able, notwithstanding such opinion, to render
an impartial verdict upon the law and the evidence, the court, if
satisfied that he is impartial, and will render such verdict, may,
in its discretion, admit him as competent to serve in such case.

*Corbett & Wellcome,* for Appellant.

The indictment does not charge a present ability, either in so
many words or by implication. It is not charged in the indict-
ment that the pistol used was a deadly weapon, but simply that
it was a revolving pistol, loaded with powder and leaden bul-
lets. A pistol is not necessarily a deadly weapon. (*Tom Key
v. State,* 12 Tex. App. 506.) Such an indictment for the crime
of assault with intent to commit murder is insufficient. (§ 58,
div. 4, Crim. Laws, Comp. Stats. p. 511; *Territory* v. *Milroy,*
8 Mont. 361; *Territory* v. *Carland,* 6 Mont. 17, wherein the
rule of pleading in criminal law is laid down by the court. See,
also, *Territory* v. *Burns,* 6 Mont. 74, where same rule is defined.
*Watson* v. *State,* 2 Wash. 504; *People* v. *Villarino,* 66 Cal. 228;
Wharton's Criminal Pleading and Practice, §§ 153–230, note

9; § 231, note 2; § 280; Wharton's Criminal Law, § 644, and notes; § 642; § 645, and notes; 2 Bishop on Criminal Law, § 73.)

*Henri J. Haskell*, Attorney-General, for the State, Respondent.

HARWOOD, J.—During the examination of jurors as to their qualification to sit in the trial of this action, defendant challenged one of them on the ground that he was disqualified because of having formed and expressed an opinion on the merits of the case, and, such challenge being overruled, defendant excepted, and assigns the ruling of the court as error. Upon examination, the juror stated that he had read what purported to be a statement of the facts involved in the case, "simply as a matter of current news;" that he had never heard anything else about the case; that he had formed and expressed an opinion on what he read, which would require evidence to remove; but he said: "Notwithstanding what I have read about this case in the newspapers, and what I have otherwise heard about it, or any opinion that I may have had in regard to it, I think I could sit in this jury-box, and try this case, and render a verdict according to the evidence and the law." And upon further examination by the court upon the same point the said juror stated to the court as follows: "I feel that, notwithstanding that opinion, I could sit on the jury, and fairly and impartially try this action, and a true verdict render according to the law and evidence. I do not know the defendant, William Sheerin. I have no bias or prejudice against him. I do not know of any reason why I cannot fairly and impartially try this case according to the law and the evidence, and a true verdict render under the instructions as given me by this court." The ruling of the court in refusing to sustain defendant's challenge of this juror for cause is in harmony with the provisions of the eleventh subdivision of section 287, third division of the Compiled Statutes, and the views expressed in *Territory* v. *Bryson*, 9 Mont. 32, concerning the application of said statute, which we approve. The answers of said juror on oath clearly brought him within the provisions of the statute cited.

Appellant was indicted for the crime of assault with intent to commit murder, and convicted of the same. After conviction,

motion was made in arrest of judgment, on the alleged ground that the facts stated in the indictment do not constitute a public offense, in that it is not shown that defendant possessed "a present ability" to commit the crime with which he is charged, because the indictment fails to allege that the weapon used in the assault was a "deadly weapon." Said motion was overruled by the trial court, and appellant insists on the same objection here. The indictment (omitting the formal portions) charges as follows: "That one William Sheerin, late of the county," etc., "on or about the first day of March, 1891, at," etc., "unlawfully, wilfully, and feloniously, with a revolving pistol, loaded with powder and leaden bullets, which he, the said William Sheerin, then and there held in his hand, made an assault upon Anthony Lavan, with an intent then and there unlawfully, wilfully, and feloniously, with malice aforethought, to kill and murder the said Anthony Lavan."

The statute under which this indictment is laid is section 59, fourth division of the Compiled Statutes, and reads as follows: "An assault with intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or grand larceny, shall subject the offender to imprisonment in the State prison for a term not less than one year nor more than fourteen years." It is observed that the statute defining this offense "of assault with intent to commit murder" does not mention any particular weapon or means used to effectuate the purpose, or evince the intent, like section 60 of the same title, which defines "assault with a deadly weapon, instrument, or other thing, with intent to inflict upon the person of another a bodily injury." An assault with intent to commit murder may be made, "coupled with a present ability" (Comp. Stats. div. 4, § 58), without the use of a deadly weapon; as, for instance, the hands of a strong person violently seized on the throat of a weak one, with intent to murder the latter. Here the intent might as surely be accomplished without, as with, the use of some deadly weapon; or a felonious attempt by a strong person to cast a weaker one over a precipice, or the like, with intent to destroy the life of the latter, where the circumstances show that the assailant was able to accomplish the act, and that its accomplishment would undoubtedly effect the purpose intended. Here would appear

to be all the elements of assault with intent to murder, without the use of "a deadly weapon, instrument, or thing," strictly speaking.

The greater weight of authority appears to be against the position taken by appellant's counsel on this point. In speaking of the requisites of an indictment for the crime under consideration, Mr. Bishop says: "Where it is a statutory crime to assault any one with intent to kill him, to murder him, or the like, the indictment need only charge that the defendant, at a time and place, 'did make an assault' on a person named, or, in some other form of words, did what else is necessary to be alleged in an indictment for simple assault, 'with intent then and there feloniously, wilfully, and of his malice aforethought, to kill and murder' such person. Of course, if the statute requires a battery also to constitute the offense, it must be alleged; otherwise it need not be. But, in the absence of anything special in the statute, the manner of the assault, or of the beating, or the kind of weapon, need not be stated." (2 Bishop's Criminal Procedure, § 77, and cases cited.) In the case of *State* v. *Croft*, 15 Tex. 575, the indictment was like the one at bar in respect to the point under consideration, and was held good. Mr. Wharton also lays down the same doctrine as to the essential averments of an indictment for the crime under consideration, saying: "In an indictment for an assault with intent to murder it is not necessary to state the instrument or the means made use of by the assailant to effectuate the murderous intent." (Wharton's Criminal Pleading and Practice [8th ed.], § 159, and cases cited.) Again, in his work on Criminal Law (8th ed. § 644), Mr. Wharton observes: "In an indictment for an assault with intent to murder, at common law, or where the statute does not specify the instrument, it is not necessary to state the instrument or means made use of by the assailant to effectuate the murderous intent. The means of effecting the criminal intent, or the circumstance evincive of the design with which the act was done, are considered matters of evidence to the jury to demonstrate the intent, and not necessary to be incorporated in an indictment." In *People* v. *English*, 30 Cal. 215, the court say: "The indictment charges, in substance, that the defendant feloniously assaulted one Derbin with a pistol

loaded with powder and ball, with intent him, the said Derbin, of his malice aforethought, to kill and murder. The demurrer to the indictment was properly overruled. The indictment contains all the terms that enter into the description of the offense, as given in the statute, together with allegations relating to the character of the weapon used." It is unnecessary to multiply citations to establish the correctness of this holding, because the authors on criminal law and procedure have cited numerous authorities in support of the rule laid down as quoted above. (See, also, *Territory* v. *Milroy*, 8 Mont. 361.) We conclude that appellant's objection to the indictment is not well taken.

It is further contended by appellant that the evidence does not support the verdict of conviction, because the evidence does not show that defendant "had a present ability to commit the crime charged." We cannot sustain this assignment. The testimony of several eye witnesses to the assault is to the effect that the weapon used was a 41-caliber revolving pistol, loaded with gunpowder and bullets. Said weapon was identified and exhibited to the jury and the court at the trial. The testimony is to the effect that only a few minutes prior to the assault defendant threatened to kill Lavan, the person assaulted, and that defendant deliberately discharged said pistol at Lavan several times, striking and wounding him in the side with at least one bullet, which passed entirely through his body. There is no question but that the testimony contained in the record is sufficient to support conviction.

The order of this court will be that judgment of the trial court be affirmed, and be carried into effect, according to the terms thereof.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.