STATE *v.* GEORGE ATKINS.

October Term, 1904.

Present:   ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 26, 1905.

*Criminal Law—Breach of the Peace—By Assault—Evidence—Threats—Of Respondent—Of Prosecuting Witness.*

In a prosecution for a breach of the peace by intentionally driving a wagon against the carriage in which a woman was riding, whereby she was thrown out and injured, threats made by the respondent, prior to the collision, to the effect that he would some day run into her, are admissible against him.

In a prosecution for a breach of the peace by intentionally driving a wagon against the carriage in which a woman was riding, whereby she was thrown out and injured, when she testifies in behalf of the State, and the respondent's evidence tends to show that she

intentionally ran her carriage against respondent's wagon in order
to injure him, it is error for the court to exclude evidence of
threats of violence made by her against him before the collision.
In such case evidence of prior threats of the prosecuting witness
against the respondent are admissible, both as evidence in chief,
and as affecting the credibility of said witness.

INFORMATION for breach of the peace. Plea, not guilty.
Trial by jury at the March Term, 1904, Washington County,
*Stafford,* J., presiding. Verdict, guilty; judgment and sentence thereon.

The respondent excepted.

The evidence of threats which the respondent offered to
show were made by the prosecuting witness, were all made
before the collision.

By one witness respondent offered to show that the
prosecuting witness said: "I keep that (referring to a revolver in her hand) for old George Atkins, and he will get
the contents of it;" by another witness, that when the prosecuting witness was asked what she had a certain club for, she
replied, "I have got that club to beat George Atkins' brains
out, if he tries to run into me;" and by another witness, that
the prosecuting witness said: "And your friend Atkins is
coming. Yes, he is coming, and if I could have got by him,
I would have driven through him."

*Gordon & Jackson,* and *T. R. Gordon* for the respondent.

The evidence of the threats of the prosecuting witness
should have been received. Whart. Cr. L. § 642; *Stokes* v.
*People,* 53 N. Y. 164; *State* v. *Turpin,* 77 N. C. 473; *Murphy*
v. *Dart,* 42 How. 31; *Campbell* v. *People,* 16 Ill. 17; *People*
v. *Scoggins,* 37 Cal. 696-704; *Holler* v. *State,* 37 Ind. 57;
*State* v. *Harrod,* 102 Mo. 590, 609.

*John H. Senter,* State's Attorney, for the State.

Evidence of the threats of the prosecuting witness is in-admissible. *State* v. *Skidmore,* 87 N. C. 512; Whart. Cr. L. § 757.

WATSON, J.   The respondent was tried for a breach of the peace and found guilty.   The breach of the peace claimed by the State was that the respondent intentionally drove his wagon against the carriage in which Mrs. Hattie Matthews, the prosecuting witness, was riding in the public highway, whereby she was thrown out and injured.   The respondent's evidence tended to show that Mrs. Matthews was responsible for the collision, and that she intentionally ran against the re-spondent's wagon to do him injury, or that on account of the conduct of her horse, and her fast and careless way of driving it, she ran into the respondent's wagon, and that he was not in any way guilty of the offence charged.   The re-spondent claimed that as far as he was concerned the collision was a pure accident, and he disclaimed having acted in self-defence.

The State was permitted to show, subject to exception, that the respondent on an occasion when he was passing Mrs. Matthews prior to the time of the alleged offence, made a threat against her to the effect that he would some day run into her.   This evidence was properly received.   Prior threats of an accused are relevant as showing his mental attitude to-ward the prosecuting witness at the time of the assault, un-less after the making of the threats and before the assault, the parties become friends.   *State* v. *Heun,* 39 Minn. 476; *La Beau* v. *People,* 34 N. Y. 223.   Such threats are also evi-dence tending to make it more probable that the accused com-mitted the act complained of.   Whart. Cr. Ev. § 756; *Stokes*

*v. People,* 53 N. Y. 164; *State* v. *Bradley,* 64 Vt. 466, 24 Atl. 1053.

The respondent offered evidence of threats of violence made against him by the prosecuting witness on several different occasions previous to the collision, as showing her animosity toward him, and as tending to show that she was the aggressor, and also that she intended to run into him. This evidence was excluded, to which respondent excepted. When the respondent's evidence tends to show that the prosecuting witness was the sole aggressor, evidence of such threats is admissible upon the same principles and for the same purposes as above indicated regarding threats made by the respondent, and its exclusion was error. *Stokes* v. *People,* before cited; *Leverich* v. *State,* 105 Ind. 277; Whart. Cr. Ev. § 757. The evidence was also legitimate as affecting the credibility of the witness. *Pierce* v. *Gilson,* 9 Vt. 216; *State* v. *Goodrich,* 19 Vt. 116.

*Judgment and sentence of the county court reversed, and cause remanded for a new trial.*