## STATE *v.* DELONG.

Opinion delivered March 1, 1909.

ASSAULT WITH INTENT TO KILL—INDICTMENT.—An indictment for assault with intent to kill which alleges that the assault was made with a deadly weapon, towit, a knife, is not defective for failure to allege the manner of using the knife.

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; reversed.

### STATEMENT BY THE COURT.

The grand jury at the October term, 1907, of the Conway Circuit Court, accused Arthur Delong of the crime of felony. The indictment is as follows:

"The grand jury of Conway County, in the name and by the authority of the State of Arkansas, accuse Arthur Delong of the crime of felony, committed as follows, to-wit: The said Arthur Delong, in the county and State aforesaid, on the 26th day of May, 1907, in and upon one Pat Hunter, then and there being unlawfully, feloniously, willfully, deliberately and of his malice aforethought, did make an assault with a certain deadly weapon, to-wit, a knife, no considerable provocation appearing, with the felonious intent, then and there, him, the said Pat Hunter, to kill and murder, against the peace and dignity of the State of Arkansas."

A warrant was issued and served. The case came on to be heard at the March term of the Conway Circuit Court, and defendant filed his demurrer as follows:

"1. Comes the defendant, and, for cause of demurrer to the indictment herein, says the said indictment does not allege the manner of using the knife in making the assault.

"2. The indictment does not state facts sufficient to constitute a public offense."

The court sustained the demurrer, and the State, electing to stand on the indictment, has duly prosecuted an appeal to this court.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellant.

The indictment is clearly sufficient. 34 Ark. 282, and cases cited; 54 Ark. 493; 65 Ark. 405.

*Sellers & Sellers,* for appellee.

Cases cited by appellant are not in point. The indictment should have alleged facts sufficient to show that the knife was a deadly weapon and the manner of its use. 109 S. W. 324.

Hart, J., (after stating the facts.) The question for decision is as to the efficiency of the indictment. Counsel for appellee insist that the indictment is defective because it does not charge the manner of using the knife—making the assault; but in this we can not agree with them.

We do not think the case of *Commonwealth* v. *White,* (Ky.) 109 S. W. 324, cited by counsel for appellee, sustains their contention. There the indictment was framed under a section of the Kentucky statutes which provides that "if any person shall draw a deadly weapon, or shall point any deadly weapon at another," etc. The court held that "the weapon should be so described in the indictment that the fact that it is a deadly weapon as used must appear from the language of the charge."

In that case, the statute made the use of a deadly weapon an essential element of the offense. Hence, the court held that the indictment should charge the defendant in appropriate language "with having drawn or pointed a weapon which from its description or manner of use would be a deadly weapon."

In the present case, appellee was indicted under section 1588, Kirby's Digest. The gist of the offense was an assault with a felonious intent. The kind of weapon used, or the manner of its use, is not material, except to show the intent with which the assault was made.

In *Russell* v. *State,* 52 Ark. 276, it was held that it was sufficient to allege that an assault with intent to kill and murder was committed in the manner and with the intent necessary to constitute the offense charged, without expressly averring "the present ability" necessary to constitute the assault. The indictment approved in that case is similar to the indictment in this case.

In *Lacefield* v. *State,* 34 Ark. 282, the court said: "The rule is well settled that in an indictment for an assault with intent to commit an offense, the same particularity is not necessary, as is required in an indictment for the actual commission of the offense; and an indictment for an assault with intent to murder need not state the means made use of by the assailant to effect his murderous intent." To the same effect, see 2 Bish. on Crim. Proc. § 77; 21 Cyc. 863, and cases cited;

*State* v. *Croft,* 15 Tex. 575; *State* v. *Henn,* 39 Minn. 476; *People* v. *Savercool,* 81 Cal. 650.

Mr. Wharton says: "In an indictment for an assault with intent to murder at common law, or under a statute which does not specify the instrument, it has been held unnecessary to state the instrument or means made use of by the assailant to effectuate the murderous intent, though, where the pleader has it within his power to aver the weapon, it is better that the averment should be made; and where the statute speaks of "dangerous weapons," or in any way points to a particular instrument, then the weapon should be specified. The details of effecting the criminal intent, or the circumstances evincive of the design within which the act was done, are considered matters of evidence to the jury to establish the intent, and are not necessary to be incorporated in the indictment. And in any view it is sufficient, unless the statute impose special conditions, if the use of a deadly weapon be averred, and the intent be specifically stated." 2 Wharton's Criminal Law (10th ed.), § 644.

In the present case the use of a deadly weapon is charged, and the intent is distinctly averred; and we think it was unnecessary to state in the indictment the manner of using the weapon. That was a matter of evidence to show the intent.

Therefore, it is ordered that the judgment sustaining the demurrer be reversed, and the cause be remanded for further proceedings.